IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE

JOSE MANUEL LORENZO MORENO, and
JESSICA MUNIZ SANCHEZ

Debtor

CASE NO. 25-03481 (ESL)

CHAPTER 13

FILED AND ENTERED 12/8/2025

OPINION AND ORDER

This case is before the court upon the *Motion to Dismiss Case* (dkt. #20) filed by the Chapter 13 Trustee (the "Trustee"), the *Opposition to Trustee's Motion to Dismiss* filed by the Debtors (the "*Opposition*", dkt. #22), and Trustee's reply (dkt. #31).

For the reasons stated herein, the *Motion to Dismiss Case* is GRANTED.

Factual And Procedural Background

1. On October 17, 2025, the Trustee filed a *Motion to Dismiss Case* (dkt. #20) alleging that the case should be dismissed because the District of Puerto Rico is an improper venue pursuant to t 28 U.S.C. § 1408 and Fed. R. Bankr. P. 1014(a)(2). In the alternative, the Trustee argues that the case should be transferred to an applicable district in Florida

2. On October 19, 2025, the Debtors filed their *Opposition* (dkt. #22) averring that the District of Puerto Rico is the proper district because they have an equitable interest in one (1) real property and title over two (2) "stored" motor vehicles, all in Aguada, Puerto Rico, each existing 180-days prior to the petition date (id., ¶ 11). Debtors assert that the "collective value of these properties (located in Puerto Rico) is $97,589.00 free of liens", which "[r]oughly … represents 41% of the Debtor's total principal assets (when compared to the $143,325.00 in movable/immovable equity located in the District of Florida)" (id., ¶ 12). Debtors argue that in In re Ortiz, 2017 WL 770611 (Bankr. D.P.R. 2027), this court found venue proper where 46% of debtor's principal assets were located in the District of Puerto Rico. Attached to the *Opposition* are (i) a *Resolution* ("*Resolución*") issued by the Court of First Instance, Superior Court of Aguada,

-1-

in connection with the declaration of heirs of Debtor's deceased aunt, Aleja Moreno González, and (ii) the *Sworn Statement* of José R. Roman Moreno, an alleged heir of Debtors' deceased aunt. Both documents are in the Spanish language and no certified translation was filed.[1]

3. On October 23, 2025, the court ordered the Trustee to state her position within twenty-one (21) days as to Debtors opposition, and to address the applicability of In re Ortiz, 2017 WL 770611 (Bankr. D.P.R. 2027). See dkt. #23.

4. On November 21, 2025, the Trustee filed a *Motion in Compliance with Order Submitting Opposition to Debtor's Opposition to Motion to Dismiss Dkt. 23* (the "*Reply*", dkt. #31), objecting Debtors' submission of documents in Spanish and stipulating that the heirs outlined in the *Resolution* are the following: (a) Julio César Román González (surviving spouse); (b) Julio César Román Moreno; (c) José Heriberto Román Moreno; (d) Julio Alberto Román Moreno, and (e) Julio Iván Román Moreno. The Trustee argues, *inter alia*, that despite the petition indicating that "[o]ver the last 180 days before filing this petition, I have lived in this district longer than in any other district", Debtors "admitted under oath at the meeting of creditors, that they have been residing in Florida, U.S.A. during the last 8 years" (dkt. #31, ¶ 11); that pursuant to In re Ortiz, Debtors do not have a "principal assets" in the District of Puerto Rico 180 days prior to petition because the only assets owned by Debtors in Puerto Rico are a Toyota Yaris 2014 and a 2010 Hyundai Accent, which should not be considered "principal assets" when compared to the multiple other assets they own that are in Florida (dkt. #31, ¶ 18); that "considering that the Aguada lot is part of the undivided estate of debtor's deceased aunt, the heirs do not own any particular lot, any asset of the inheritance patrimony until its partition … 'what each heir is entitled to is a right over the estate as a whole (titularidad de una cuota en abstracto), not over the particular assets'. Thus, in the instant case, the heirs to the deceased aunt's estate cannot donate to debtors the Aguada lot since they do not own any specific assets of the inheritance until it is subject of partition" (dkt.

---

[1] "It is well settled that the law incontrovertibly demands that federal litigation in Puerto Rico be conducted in English", in accordance with 48 U.S.C. § 864. Banco Popular de P.R. v. Santiago-Salicrup, 630 B.R. 374, 378 (D.P.R. 2021), citing Estades-Negroni v. Assocs. Corp. of N. Am., 359 F. 3d 1, 2-3 (1st Cir. 2004). See also In re Bernier, 2022 WL 17096264, at *6-7, 2022 Bankr. LEXIS 3283, at *17-18 (Bankr. D.P.R. 2022); 48 U.S.C. § 864; L. Civ. R. 5(c); P.R. LBR 9070-1(c). This court will only consider the merits of those documents filed in the English language.

#31, ¶ 27); that "[D]ebtors do not have any 'equitable interest', as the only heirs per Puerto Rico law are the ones declared by the state court and debtors are not amongst them" (dkt. #31, ¶ 29); that José R. Roman Moreno, the person who signed the *Sworn Statement*, **is not** one of the heirs named in the *Resolution*; and that a future interest does not fulfill the venue criteria.

5. The record reflects that Debtors has not requested leave to respond to the *Reply* and file English translations.

APPLICABLE LAW AND ANALYSIS

(A)     Where to File, Generally

Venue in the filing of a bankruptcy case is controlled by the provisions of 28 U.S.C. § 1408, which provides that, except for a petition filed under Chapter 15, a voluntary petition under any chapter of Title 11 may be filed in the district in which the debtor's domicile, residence, principal place of business in the United States, or principal assets in the United States have been located for 180 days immediately preceding the petitio or the longest portion of such 180 days.

The four tests of venue, "domicile, residence, principal place of business in the United States, and principal assets in the United States, are given in the alternative. Any of the four is jurisdictionally sufficient." In re Gurley, 215 B.R. 703, 707–708 (Bankr. W.D. Tenn. 1997). See also In re Ortiz, 2017 WL 770611, at *2 (Bankr. D.P.R. 2017). The Bankruptcy Appellate Panel for the First Circuit (the "BAP") has declared that "[t]here is a presumption that the district where the bankruptcy petition is filed is the appropriate district for venue purposes ... and the burden is on the party disputing venue to establish that position by a preponderance of the evidence." See In re Handel, 253 B.R. 308, 310 (B.A.P. 1st Cir. 2000). See also In re Honeycutt, 2012 WL 6681833, *2 (Bankr. E.D.N.C. 2012); In re Acor, 510 B.R. 588, 592 (Bankr. W.D.Tenn. 2014) ("Venue is presumed to be proper in the district where a bankruptcy case is filed, and the burden of proving otherwise is on the party who has moved to transfer or dismiss the case."). "The venue statute does not require that only the principal asset may support venue; rather, venue may be proper in a district where principal assets are located. Thus, a debtor may have more than one appropriate venue based upon more than one principal asset." In re Mid Atl. Retail Grp., Inc., No. 07–81745, 2008 WL

612287, at *3 (Bankr. M.D.N.C. Jan. 4, 2008), citing In re Ross, 312 B.R. 879, 889 (Bankr. W.D.Tenn. 2004). "[T]he court determines proper venue by reference to facts existing during the 180 days prior to the commencement of the case to determine the district of the debtor's residence, domicile, principal place of business, or location of the person's principal assets." In re Handel, 253 B.R. at 310, citing, In Micci v. Bank of New Haven, 188 B.R. 697, 699 (S.D.Fla.1995).

(B)     Discussion

In cases where a debtor has assets in multiple districts, as is the case here, the inquiry for the court is to determine whether "principal assets" owned by the Debtor during the 180 days prior to the commencement of the case in the district selected by the debtor. In the instant case, Debtors' *Schedules* reflect the following: that Debtors own an apartment in Florida valued at $200,000 (dkt. #19, item 1.1); a Debtor will purportedly receive a plot of land in Puerto Rico valued at $90,000, to be "carve[d]" from the "inheritance portion" to which José R. Roman Moreno is an heir to (id., item 1.2); Debtors own five (5) vehicles, two (2) of which are in storage in Puerto Rico, two (2) of which are located in Debtor's possession (perhaps Florida), and one (1) possessed by Debtors' son (location not specified) (id., items 3.1-3.5); the two (2) vehicles located in Puerto Rico have a combined value of $7,589 (id., items 3.1 and 3.5); the three (3) vehicles not located in Puerto Rico have a combined value of $30,279 (id., items 3.2 and 3.4); and, Debtors own two (2) bank accounts not attributable to banks located in Puerto Rico (Bank of America and Chase Bank) (id., items 17.1 and 17.2). The Trustee asserts that Debtors "admitted under oath at the meeting of creditors, that they have been residing in Florida, U.S.A. during the last 8 years" (dkt. #31, ¶ 11). Notably, the Trustee stipulates that the Debtor is not a named heir to the *Resolution* issued by the Court of First Instance. Thus, the only property located in Puerto Rico and owned by the Debtor as of the petition are the two (2) vehicles jointly valued at $7,589.

In In re Ortiz, cited by the Debtors, this court found venue proper where Debtor owned real property, bank accounts, accounts receivables, and an IRA account, all located in District of Puerto Rico during the 180 days prior to the commencement of the case. The forgoing assets amounted to approximately 46% of the debtor's estate, while the assets in Florida amounted to 53%. As

argued by the Trustee, <u>In re Ortiz</u> is distinguishable from the instant case for a myriad of reasons, including debtor's ownership of both real property and bank accounts in the District of Puerto Rico.

The Trustee contends that the Debtors' "principal asset" is the real property located in Florida, that Debtors have no equitable interest in the diseased aunt's undivided real property, to which neither debtor is an heir, and that the vehicles located in Puerto Rico should not be considered "principal assets". Thus, any alleged interest in such real property, equitable or otherwise, has not been owned by the Debtors 180 days prior to the petition date. The court finds that the Trustee's arguments overcome the presumption that the venue selected by the Debtor, the District of Puerto Rico, is an appropriate district for venue purposes. Plainly, Debtor has not owned real property in the District of Puerto Rico 180 days prior to the petition date, only personal property. Venue is thus not appropriate in this district.

CONCLUSION

For the reasons stated herein, the *Motion to Dismiss Case* (dkt. #20) is GRANTED, and the instant case is hereby dismissed.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of December 2025.

Enrique S. Lamoutte
United States Bankruptcy Judge